| Debtor(s): | **Kelli Renae Johnson** | Case Number: | 19-10710 |

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA - SHREVEPORT DIVISION**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

| List below the sections that have been changed. | Reason for Amendment/Modification |
|---|---|
|  |  |

---

**Part 1:** Notices

---

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

---

**Part 2:** Plan Payments and Length of Plan

---

**2.1 Debtor(s) will make regular payments for a total of <u>48</u> months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $**225** per **month** for **48** months, and
$____ per ____ for ____ months.
$____ per ____ for ____ months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$_____ per _____ for _____ months, and
$_____ per _____ for _____ months.

$_____ per _____ for _____ months.

**Check one:** The applicable commitment period is:   36 months (Below Median Income)   ☑

                                                      60 months (Above Median Income)   ☐

**2.2**  **Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds**. During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

| |
|---|
| **All income tax refunds excluding Earned Income Credit, Child Tax Credit and $1,000.00 per debtor.** |

**2.3**  **Additional Payments. (In addition to 2.1 above)**
*Check one.*

☑      **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

**Part 3:**    **Treatment of Secured Claims**

**3.1**  **A. Maintenance of payments and cure of default of** <u>Principal Residence</u> **under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

    **B. Maintenance of payments and cure of default** <u>other than</u> **Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☐      **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only in the applicable box in Part 1 of this plan is checked.***

☑      The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

                 The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

                 The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

                 (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| Pelican State Cr Un | $5,958.08 | 2008 BMW 528i 131,000 miles | $4,900.00 | $4,900.00 | 7.25% | $119.91 |
| Republic Finance, LLC | $1,500.00 | Pro Form Elliptical, 32" RCA TV, 32" RCA TV, Wii - all other collateral broken & thrown out or Debtor never had | $215.00 | $215.00 | 7.25% | $5.17 |
| Tower Loan of South Shreveport | $1,000.00 | Glider, Yamaha Mixer Board, 31" TV, 2nd - 31" TV, DVD Player, HP Desktop, Epson Printer, HP Printer, Panasonic Laptop, HP Laptop, Dell Laptop | $515.00 | $515.00 | 7.25% | $12.39 |

**3.3  Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

[✔]        **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance**

*Check one.*

[✔]        **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of Collateral**

*Check one.*

[ ]        **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[✔]        The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | Value |
|---|---|---|
| Barksdale FCU | 2006 Mercedes Benz C280 - This obligation is being paid in Debtor's Son's bankruptcy (Case # 18-10125) | $3,712.50 |

| **Part 4:** | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee      ☑ Yes          ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $__2,250.00__ of which $__2,250.00__ is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $__0__ for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3 Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☐      **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑      The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Simon Fitzgerald, LLC | Noticing Costs | $250.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Part 5: | Treatment of Non-priority Unsecured Claims |
|---|---|

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $**71,942.55**, it is anticipated unsecured creditors will be paid approximately $**300.00**, which is approximately **0.40** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**103.55**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

| Part 6: | Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract |
|---|---|

**6.1   The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:**   **Vesting of Property of the Estate**

7.1  **Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

**Part 8:**   **Other Plan Provisions**

8.1  **Adequate Protection Payments:**

**Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.**

| Creditor | Adequate Protection Payment |
|---|---|
| **Pelican State Cr Un** | **$49.00** |

8.2  **Changed Circumstances.**

**Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.**

**Part 9:**   **Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Part 10: | Signatures |
| --- | --- |

**/s/ Paul M. Cooke, #4311; L. Laban Levy, #28658**  Date: **May 14, 2019**
**Paul M. Cooke, #4311; L. Laban Levy, #28658**
Signature of Attorney for Debtor(s)

**/s/ Kelli Renae Johnson**  Date: **May 14, 2019**
**Kelli Renae Johnson**
Debtor

Date:

Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION
**************************

| | | |
|---|---|---|
| IN RE:  Kelli Renae Johnson | : | Case No: 19-10710 |
| **Debtor** | : | **Chapter 13** |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **May 14, 2019,** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee                    Todd S. Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated: May 14, 2019**

**By:**    /s/ Debbie G. Brown
            Debbie G. Brown,
            Legal Assistant to Paul M. Cooke

Label Matrix for local noticing
0536-5
Case 19-10710
Western District of Louisiana
Shreveport
Tue May 14 16:37:08 CDT 2019

Account Control Bureau
1244 Jackson Street
Alexandria, LA 71301-6927

Ace Cash Express
8988 Mansfield Road
Shreveport, LA 71118-2128

Action Revenue Recovery
910 Bres Ave.
Monroe, LA 71201-5955

Advance America
6730 Pines Road, Ste. 202
Shreveport, LA 71129-3940

Barksdale FCU
2701 Village Lane
Bossier City, LA 71112-2319

Caddo Parish Sheriff
505 Travis St., 7th Floor
Shreveport, LA 71101-3029

Cigna Health Spring RX
POB 747102
Pittsburgh, PA 15274-7102

Comcast Business
POB 2127
Norcross, GA 30091-2127

Comcast-Shreveport
Attn: Collections Dept
6529 Quilen Road
Shreveport, LA 71108-4438

Paul M. Cooke
Simon, Fitzgerald, Cooke, et al
4700 Line Ave. Suite 200
Shreveport, LA 71106-1533

Credit Bureau of the South
600 Common Street
Shreveport, LA 71101-3432

Credit Control Service
725 Canton Street
Norwood, MA 02062-2679

Cristina Walker
Assistant United States Attorney
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3120

Cross Lake Emergency GRP, LLC
POB 731584
Dallas, TX 75373-1584

Dept of Education/Nelnet
121 S 13th Street
Lincoln, NE 68508-1904

EZ Cash
6715 Pines Road, #105
Shreveport, LA 71129-2595

Global Payments Check
POB 59371
Chicago, IL 60659-0363

Hebert Moody, Jr.
5720 S. Lakeshore Drive, #1407
Shreveport, LA 71119-3934

Herbert Moody, Jr.
5720 S. Lakeshore Dr., #1407
Shreveport, LA 71119-3934

IC System Inc
POB 64378
Saint Paul, MN 55164-0378

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Todd Johns (Ch 13 Trustee)
Chapter 13 Trustee
POB 1770
Shreveport, LA 71166-1770

Kelli Renae Johnson
5219 Ellison Street
Shreveport, LA 71109-7335

LA Dept of Public Safety & Corr.
POB 64886
Baton Rouge, LA 70896-4886

LTD Financial Services
3200 Wilcrest, Suite 600
Houston, TX 77042-6000

L. Laban Levy
Simon, Fitzgerald, Cooke, et al
4700 Line Ave., Ste. 200
Shreveport, LA 71106-1533

Louisiana Department of Revenue and Taxation
Attn: Bankruptcy Division
P.O. Box 66658
Baton Rouge, LA 70896-6658

NPTRO South-East, LLC
256 West Data Drive
Draper, UT 84020-2315

| | | |
|---|---|---|
| Natchitoches Parish Hospital<br>P.O. Box 2009<br>Natchitoches, LA 71457-2009 | North Hospitalists Group<br>2551 Greenwood Road Suite 410<br>Shreveport, LA 71103-3989 | Office of District Counsel<br>Internal Revenue Service<br>POB 30509<br>New Orleans, LA 70190-0509 |
| Office of Motor Vehicles<br>9310 Normandie Dr.<br>Shreveport, LA 71118-3800 | One Advantage, LLC<br>7650 Magna Drive<br>Belleville, IL 62223-3366 | Pathology Associates of Mid LA<br>PO Box 731283<br>Dallas, TX 75373-1283 |
| Pelican State Cr Un<br>3232 S Sherwood Forest Blvd<br>Baton Rouge, LA 70816-2218 | Pelican State Credit Union<br>Attn: Jeffrey Conrad - CEO<br>POB 40088<br>Baton Rouge, LA 70835-0088 | (p)QCHI<br>PO BOX 14948<br>LENEXA KS 66285-4948 |
| Ready Cash<br>9073 Mansfield Rd.<br>Shreveport, LA 71118-2665 | Red River Consultants<br>PO Box 3214<br>Indianapolis, IN 46206-3214 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 |
| Republic Finance, LLC AFPOS<br>Capitol Corporate Srvs Inc Agent<br>8550 United Plaza Building II<br>Suite 305<br>Baton Rouge, LA 70809-2256 | Retail Merchants Association<br>620 Crockett Street<br>Shreveport, LA 71101-3604 | Rosen Legal, LLC<br>303 Wyman Street, Ste. 300<br>Waltham, MA 02451-1255 |
| Southern New Hampshire Univ.<br>POB 55008<br>Boston, MA 02205-5008 | Southern New Hampshire Universit<br>Exeter Hall One Stop Office<br>2500 North River Road<br>Hooksett, NH 03106-1018 | State of Louisiana, Department of Labor<br>Delinquent Accounts Unit,UI Tech Support<br>1001 North 23rd Street, Room 322<br>Baton Rouge, LA 70802-3338 |
| Stephen A. Quidd<br>Dept of Public Safety & Corr.<br>POB 66614<br>Baton Rouge, LA 70896-6614 | The Delta Path Group<br>POB 3780 Dept 10-019<br>Tupelo, MS 38803-3780 | (p)TOWER LOAN<br>P O BOX 320001<br>FLOWOOD MS 39232-0001 |
| Office of U. S. Trustee<br>300 Fannin St., Suite 3196<br>Shreveport, LA 71101-3122 | WK Pieremont Health Center<br>P.O. Box 30200<br>Shreveport, LA 71130-0200 | WK Pierremont Health Center<br>8001 Youree Drive<br>Shreveport, LA 71115-2302 |
| Willis Knighton<br>P.O. Box 32600<br>Shreveport, LA 71130-2600 | Willis Knighton Cardiology<br>POB 38390<br>Shreveport, LA 71133-8390 | Willis Knighton Urgent Care<br>PO Box 16416<br>Loves Park, IL 61132-6416 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Insolvency Unit                    Quik Cash                   Republic Finance, LLC
Internal Revenue Service           8955 Mansfield Rd.          855 Pierremont Rd., Ste. 106
1555 Poydras St.                   Shreveport, LA 71118        Shreveport, LA 71106
Suite 220, Stop 31
New Orleans, LA 70112


Tower Loan of South Shreveport
PO Box 8358
Shreveport, LA 71148
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
 (d)Red River Consultants          End of Label Matrix
POB 3214                           Mailable recipients    56
Indianapolis, IN 46206-3214        Bypassed recipients     1
                                   Total                  57
```